# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

IN RE:

KEILLY DEWAYNE YARBOROUGH
and LAURA BELINDA YARBOROUGH,　　　　　Case No. 3:12-BK-30549
　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
Debtor(s).

___

### CREDITOR TOD HUFFORD'S PRE-HEARING MEMORANDUM BRIEF
___

COMES Todd Hufford ("Creditor"), by and through counsel, and files his Brief pursuant to the Order of this Court entered on Friday, July 13, 2012. Pursuant to his Objection, Creditor submits that Debtor Laura Belinda Yarborough's Motion for Conversion to Individual Chapter 13 Case must be denied as any plan proposed by her in a Chapter 13 case would not be proposed in good faith under 11 U.S.C. §1325(a)(3).

### ISSUE

The following issue will be in dispute at hearing:

Whether the Debtor's Motion should be granted where, after review of the totality of the circumstances, Creditor avers the Debtor's household income cannot fund a Chapter 13 plan, the sole purpose of the Motion appears to be avoiding Creditor's pending non-dischargeability action, and Debtor has not made any good faith efforts towards satisfaction of debt owed to Creditor.

### FACTS

The parties were once married, but dissolved their marriage many years ago. A child was born to their union and was still a minor when the marriage ended. On October 9, 2009, the Circuit Court for the Fifth Judicial Circuit in Vermilion County, Illinois entered an Order against

Debtor in the amount of Thirty-Six Thousand Three Hundred Forty Dollars and Zero Cents ($36,340.00). Debtor made one payment towards the debt in the amount of One Hundred Dollars ($100.00) in the spring of 2010 but has since failed to make any other payments.

Almost a year before the Order was entered against Debtor, she and her husband filed for relief under Chapter 13 in the United States Bankruptcy Court District of South Carolina. Creditor was never listed in the petition, statements or schedules of the bankruptcy and not a beneficiary of the confirmed plan. The case went proceeded for nearly two years until Debtor and her husband were dismissed for non-compliance on May 17, 2010.

Debtor then filed, along with her husband, a voluntary petition for bankruptcy on February 13, 2012 in Tennessee. In Schedule F of the petition, Creditor is listed as holding an unsecured claim in the amount of Thirty-Six Thousand Three Hundred Forty Dollars and Zero Cents ($36,340.00) for what is described, by the debtors, as "Civil Action/Judgment-asserted child support overpayment". In Schedule J of the petition, Debtor lists a total monthly net income for her household of zero dollars ($0.00) and explains that her income was "reduced in recent months" and that she is "seeking full-time employment".

The Creditor filed a Complaint to Determine Dischargeability of a Certain Debt with the Court on May 21, 2012. In his Complaint, Creditor alleges the debt owed to him is not dischargeable pursuant to 11 U.S.C. §523(a)(5) and (15). A mere eleven (11) days after Creditor's Complaint was filed, Debtor moved to convert her Chapter 7 case to a Chapter 13 case. Since the filing of her Motion, Debtor has not amended her voluntary petition, including all statements and schedules, to change the claim owed to Creditor or to revise or modify income information.

The parties have stipulated to the following facts:

1. The Parties were married and had a child during the marriage.

2. Subsequently, in March 1988, the Parties divorced in Vermilion County in the State of Illinois.

3. Debtor was custodial parent of the minor child during one time.

4. Tod Hufford was ordered to pay child support to the Debtor for the financial support of the couple's minor child while the Debtor was the custodial parent of the child.

5. Tod Hufford asserts, and the Debtor has scheduled, a disputed claim in the amount of $ 36,340.00, arising from the entry of an Order entered on October 9, 2009, in the Circuit Court for the Fifth Judicial Circuit. Vermilion County, Illinois. (Exhibit 1).

6. It is not disputed that, pending a determination of the validity, nature, and amount, if any, of the disputed claim, the objecting party, Tod Hufford, has standing to assert further objection to the conversion of this case.

7. Debtor made one (1) payment towards the judgment entered against her, and that payment was in the amount of $100.00.

## ARGUMENT

Debtor filed her Motion pursuant to 11 U.S.C. §706(a), which provides, "[t]he debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 112, 1208, or 1307 of this title." However, subsection (d) of the same provision provides, "a case may not be converted to a case under another chapter of the title unless the debtor may be a debtor under such chapter." 11 U.S.C. §706(d). There are two lines of cases concerning interpretation of §706(a). Courts in the Sixth Circuit have adopted the reasoning of the second line of cases, holding that "the right to convert

is not absolute and that in extreme circumstances conversion can be denied." In re Cooper, 426 F.3d 810, 814 (6th Cir. 2005). A "totality of circumstances" analysis was also adopted by the Sixth Circuit and should be examined where the commencement of a Chapter 13 case is at issue. Id., at 815.

In order for a Chapter 13 plan to be confirmed and a debtor seek relief under that chapter, a court must find that the plan has been proposed in good faith. See 11 U.S.C. §1325(a)(3). Good faith is considered an "amorphous notion which is largely defined by factual inquiry". In re Sexton, 230 B.R. 346, 351 (E.D. Tenn. 1999). In the Sexton case, the Court considered the totality of the circumstances in determining whether a Chapter 13 case was proposed in good faith. Id. Further, the Court analyzed several factors in determining good faith, including "the amount of income of the debtor and the debtor's spouse from all sources", "the regular and recurring living expenses for the debtor and his dependents", "the motivation of the debtor and his sincerity in seeking relief under the provisions of Chapter 13", and "the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealing with his creditors." Id., at 351. Overall, the determination of good faith "relies more upon the common sense judgment of the bankruptcy court than any mechanical checklist." Id.

While a court may rely upon the plan confirmation standard of good faith in determining whether to grant a motion to convert, the standard is not the exclusive test. Factors related to the "broad question" of whether a chapter 13 case is initiated in good faith may also be considered, "rather than [just] the more narrow question of whether the plan itself was proposed in good faith." In re Condon, 358 B.R. 317, 324 (6th Cir. 2007), citing In re Alt, 305 F.3d 413, 419 (6th Cir. 2002). The Alt factors, which a court may also consider when deciding whether to deny a motion to convert, are as follows:

>the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's action affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

Id., citing In re Alt, 305 F.3d at 419 (additional citations omitted). The "key inquiry" for courts, the Condon court opined, is "whether the debtor is seeking to abuse the bankruptcy process." Id.

Debtor's Motion for Conversion should be denied because any case initiated, or plan proposed, by the Debtor in a Chapter 13 bankruptcy would not be in good faith. When considering the facts under a totality of the circumstances analysis, Debtor's Motion fails. The statements and schedules of Debtor's petition evidences that only one spouse is gainfully employed and, after deducting regular and recurring living expenses, no net monthly income is enjoyed by the household. Further, considering especially the timing of the Motion, the sole purpose and motivation of Debtor's Motion appears to be obtaining a discharge of Creditor's claim in a Chapter 13 case, whereas she is not likely to have his claim discharged in the pending Chapter 7 case. Last, Creditor's claim originated in 2009, long before the Debtor's bankruptcy filing, after a court determined he was owed an overpayment of child support for the seven years the former couple's minor child resided with him. In the three years since that court's ruling, Debtor has made only one payment of one hundred dollars ($100) towards satisfaction of the debt. For these reasons, any plan proposed by the Debtor in a Chapter 13 would not be proposed in good faith and, therefore, Debtor's Motion to convert her pending Chapter 7 to an individual Chapter 13 case should be denied.

Further, the Court may also analyze, under a broader analysis, whether Debtor's initiation of a Chapter 13 case would be in good faith. Creditor has filed a complaint and argues that the

debt owed to him is non-dischargeable pursuant to 11 U.S.C § 523(a)(15) and (5). If allowed to move forward in the adversary proceeding, Creditor is confident that the debt would be nondischargeable. Next, the timing of Debtor's Motion is suspicious and questionable. Two years after having a Chapter 13 bankruptcy dismissed in South Carolina for non-compliance, Debtor filed a Chapter 7 along with her husband. There was no attempt to convert the case to Chapter 13 until after Creditor filed his action to determine dischargeability. The Court should consider the timing in determining whether Debtor has acted in good faith. Last, this Court should carefully analyze how Debtor has treated Creditor both before and after her motion was filed. Before filing the instant case, Debtor filed for bankruptcy in South Carolina under Chapter 13. The case proceeded until May 2010, long after the Order was entered in 2009. Nonetheless, Debtor never listed Creditor's claim in her bankruptcy petition statements and schedules. Since 2009, the Debtor has made only one payment towards her debt owed to Creditor. Even under a broader analysis, Debtor's Motion was not made in good faith.

The Court should be guided by its common sense. The Debtor filed a Chapter 7 voluntary bankruptcy petition just seven months ago, seeking at that time to liquidate her assets for distribution to creditors. Only after Creditor filed his complaint regarding dischargeability of an overpayment of child support did the Debtor move to convert her individual Chapter 7 case to a Chapter 13 case. Debtor's actions prior to the filing her pending case, her failure to take any bona fide steps to pay the debt owed to Creditor and her legal maneuvering post-petition to avoid that debt demonstrate that her Motion and any related Chapter 13 plan are not proposed in good faith.

For the foregoing reasons, this Court should deny Debtor's Motion for Conversion to Individual Chapter 13 Case, and order the parties to move forward in the pending Chapter 7 bankruptcy case and related proceedings.

Respectfully submitted this 10th day of September, 2012.

                                        */S/ Alicia Cottrell, Esq.*
                                        ALICIA COTTRELL (BPR No. 027937)
                                        *Attorney for Tod Hufford*
                                        HODGES, DOUGHTY & CARSON, PLLC
                                        617 Main Street, P.O. Box 869
                                        Knoxville, Tennessee 37901-0869
                                        Phone: (865) 292-2307 Fax: (865) 292-2321

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2012, a copy of the foregoing *Brief* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for the Debtors.

                                        **Hodges, Doughty & Carson, PLLC**
                                        By: /s/ Alicia Cottrell